## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSICA ANN TIJERINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-0775 (UNA) |
| ) | |
| ) | |
| STATE OF IDAHO, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's "Urgent Emergency Motion for Void of Judgment Nunc Pro Tunc and Writ of Error Coram Nobis," ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. Plaintiff's purported claims appear to have arisen from criminal charges against plaintiff for having removed her children from the State of Idaho contrary to an order awarding permanent custody of the children to their father, plaintiff's former husband. In this action, plaintiff requests a declaration that the judgment against her and her plea agreement are void, and an award of $500,000,000, among other relief. This Court cannot grant the relief plaintiff demands.

As a general rule applicable here, this federal district court may not review, reverse or otherwise disturb the rulings of a State court. *See, e.g.*, *Petrovic v. United States*, No. 1:19-cv-00482, 2019 WL 1746301, at *2 (D.D.C. Apr. 17, 2019); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923); *see also Prentice v. U.S. Dist. Court for E. Dist. of Mich.*, 307 F. App'x 460, 460

(D.C. Cir. 2008) (per curiam) ("[B]ecause a challenge to a state court action must proceed through that state's system of appellate review rather than through a federal district court, the district court properly determined it lacked jurisdiction to review action taken by a . . . state court." (citations omitted)).

Plaintiff is no more successful in her quest for a writ of coram nobis, which may be granted only in "extraordinary cases" where it is necessary "to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks omitted). "A petitioner seeking a writ of coram nobis must show that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Faison*, 956 F. Supp. 2d 267, 269 (D.D.C. 2013) (quoting *United States v. Hansen*, 906 F. Supp. 688, 692-93 (D.D.C. 1995)) (additional citations omitted). But where the conviction at issue "is the result of a *state court* judgment, . . . a *federal district* court lacks subject matter jurisdiction." *Stoller v. United States*, 216 F. Supp. 3d 171, 175 (D.D.C. 2016) (emphasis in original)), *aff'd*, 697 F. App'x 10 (D.C. Cir. 2017).

A separate Order accompanies this Memorandum Opinion.


DATE: March 26, 2025                              /s/
                                                  CHRISTOPHER R. COOPER
                                                  United States District Judge